**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| ANGEL LUIS RIVERA | : | |
| | : | CIVIL ACTION |
| v. | : | NO.  05-4767 |
| | : | |
| DAVID J.  GOODE, THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| PHILADELPHIA; and, THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA | : | |

_____

DuBOIS, J.                                                      March 25, 2008

## TABLE OF CONTENTS

MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   INTRODUCTION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   FACTUAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   THE 28 U.S.C. § 2254 PETITION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.   APPLICATION OF 28 U.S.C. § 2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     A.   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     B.   The Exhaustion Requirement of § 2254 and Procedural Default  . . . . . . . . . . . 13
          1.   Exhaustion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
          2.   Procedural Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VI.   DISCUSSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      A.   Petitioner's Ineffective Assistance of Appellate Counsel Claim . . . . . . . . . . . 16
           1.   State Court Decision  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
           2.   Magistrate Judge's Recommendation  . . . . . . . . . . . . . . . . . . . . . . . 17
           3.   Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
                a.   Appellate Counsel's Performance . . . . . . . . . . . . . . . . . . . . . . 19
                b.   Prejudice  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
                c.   Remedy for Violation of the Right to Effective Assistance of
                     Counsel on Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

B.    Constitutionality of Petitioner's Sentence / Respondents' Objections to the
Report and Recommendation of the United States Magistrate Judge . . . . . . . . . 26
1.    Magistrate Judge's Recommendation . . . . . . . . . . . . . . . . . . . . . . . . . 26
2.    Respondents' Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
3.    Application of the Exhaustion Requirement of § 2254 and Procedural
Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
4.    Petitioner's Challenge to the Discretionary Aspects of His
Sentence – Failure of the Trial Judge to Order a Presentence Report
and Imposition of a Sentence in Excess of the Guidelines Without an
Adequate Explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

VIII.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

# MEMORANDUM

## I.    INTRODUCTION

Presently before the Court are the Petition for Writ of Habeas Corpus filed by Angel Luis

Rivera ("petitioner"), Magistrate Judge Charles B. Smith's Report and Recommendation dated

June 13, 2007, and Respondents' Objections to the Report and Recommendation of the United

States Magistrate Judge.  The habeas petition arises out of petitioner's convictions for possession

with intent to deliver a controlled substance and criminal conspiracy on October 5, 1999, in the

Court of Common Pleas of Philadelphia, Pennsylvania.  The trial court sentenced petitioner to

consecutive sentences of ten to twenty years imprisonment on the two counts of conviction.

For the reasons that follow, the Court approves and adopts in part and rejects in part

Magistrate Judge Smith's Report and Recommendation dated June 13, 2007 and sustains

Respondents' Objections to the Report and Recommendation of the United States Magistrate

Judge.  Petitioner's Petition for Writ of Habeas Corpus is granted in part and his convictions for

possession with intent to deliver a controlled substance and criminal conspiracy shall be vacated

2

and set aside, unless, within sixty (60) days, the Commonwealth of Pennsylvania reinstates

petitioner's direct appeal and new appellate counsel is appointed to represent petitioner on that

appeal.  The Petition for Writ of Habeas Corpus is denied in all other respects.

## II.   FACTUAL HISTORY

The facts underlying petitioner's conviction, as summarized by the Pennsylvania Superior

Court in its opinion denying petitioner's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§ 9541, et seq., petition, Commonwealth v. Serrano, No. 858 EDA 2003, slip. op. at 1-4 (Pa.

Super. September 2, 2004) (Resp't's Objections Ex. B), are as follows:

In October of 1998, the Philadelphia Police Department's Narcotics Strike Force was

engaged in "Operation Sunshine," an initiative to combat open drug sales in high-volume drug

areas of Philadelphia.  This operation involved undercover surveillance by officers observing

drug sales from secret locations and transmitting descriptions of buyers to uniformed officers.

On October 2, 1998, at approximately 10:00 a.m., undercover Officer Kevin Cuddahy

was stationed at a surveillance post when he observed petitioner and co-defendant Luis

Rodriguez standing side by side on a street corner.  Ten police officers waiting nearby were

accessible over a police radio band.

Within five minutes of arriving at his observation post, Officer Cuddahy observed a black

male, later identified as Jonathan Giddings, approach petitioner, engage him in conversation, and

hand him money.  Petitioner then reached into his pocket and handed small objects to Giddings,

who placed them in his jacket and walked away.  Officer Cuddahy radioed this information to

backup officers, who arrested Giddings and found two plastic bags containing marijuana in his

right front jacket pocket.

At approximately 10:10 a.m., Officer Cuddahy observed a white female, later identified as Rachel Murphy, approach petitioner and Rodriguez.  Petitioner engaged in a brief conversation with Murphy who handed him money.  Petitioner then walked into an alleyway, picked up a small object resembling a paper cup, and removed items from the cup.  Petitioner handed those items to Murphy who then walked away.  Officer Cuddahy radioed backup officers, who arrested Murphy and found crack cocaine and heroin on her person.

At approximately 10:15 a.m., Officer Cuddahy observed a white male, later identified as Jonathan Nilo, approach petitioner.  Nilo briefly conversed with petitioner before handing him money.  Petitioner again retrieved the cup from the alleyway, removed small items, and handed them to Nilo.  Nilo accepted the items and returned to his car, which was parked around the corner.  Officer Cuddahy radioed backup officers, who arrested Nilo and found crack cocaine on his person and in the possession of a passenger riding in his car.

After the exchange between petitioner and Nilo, Officer Cuddahy observed petitioner and Rodriguez talking, following which petitioner took money from his pocket and handed it to Rodriguez.  Soon thereafter, petitioner and Rodriguez were observed entering an abandoned house, in which they were arrested at approximately 10:20 a.m.  Officers searched both suspects and found ten dollars on petitioner's person and ninety-three dollars on Rodriguez's person.  Petitioner was identified at the scene of arrest by Officer Cuddahy as the man seen selling drugs that morning.

## III.    PROCEDURAL HISTORY

On October 5, 1999, petitioner was convicted by a jury of possession with intent to deliver a controlled substance in violation of 35 Pa.C.S.A. § 780-113(a)(30) and criminal

4

conspiracy in violation of 18 Pa.C.S.A. § 903.  Based on petitioner's prior record score of five

and an offense gravity score of six, the standard guideline range at sentencing was twenty-one to

twenty-seven months, plus or minus six months.  (Pet'r's Br. 8) (citing N.T. 10/5/99, v. 3,

p. 10)).  Notwithstanding the guideline range, petitioner was sentenced to consecutive sentences

of ten to twenty years imprisonment on the two counts of conviction.

Petitioner appealed his convictions to the Pennsylvania Superior Court, raising the

following claims: (1) the evidence was insufficient to support his convictions; (2) his sentence

was excessive; and (3) trial counsel was ineffective for failing to (a) subpoena and call the

alleged drug buyers; (b) interview petitioner's co-defendant; and (c) object to a comment made in

the prosecution's closing argument.

Petitioner's trial counsel withdrew from the case, resulting in the appointment of new

counsel, Timothy Golden.  Before withdrawing, trial counsel filed a notice of appeal after being

instructed to do so by the trial court.  On appeal, Mr. Golden failed to present a statement of the

issues presented on appeal in accordance with Pa.R.A.P 1925(b) ("Rule 1925(b) statement"),

notwithstanding an order to do so by the trial court.  Instead, Mr. Golden filed a letter brief in

support of a motion to withdraw.  After waiting nearly two months, the trial court issued an

opinion on March 22, 2000 declining to "guess as to counsel's allegations of error" absent a Rule

1925(b) statement and dismissing petitioner's claims.

The Superior Court, by order dated July 7, 2000, ruled that Mr. Golden's letter brief was

inadequate under Anders v. California, 386 U.S. 738 (1967), and that Mr. Golden erred in

consciously deciding not to file a Rule 1925(b) statement.  Accordingly, it reversed the trial

court's dismissal of petitioner's claims and remanded the case to the trial court for sixty days,

ordering it to remove Mr. Golden as counsel and appoint new counsel within ten days.  The order

further stated that "[n]ew counsel shall be afforded an opportunity to file a statement of matters

complained of on appeal pursuant to Pa.R.A.P. 1925(b) so that the trial court can issue an

opinion regarding the same."  On July 12, 2000, the trial court appointed Robert Williams to

represent petitioner.  Although Mr. Williams filed an appellate brief on September 26, 2000, he

failed to file a Rule 1925(b) statement.

On June 13, 2001, the Superior Court found that petitioner waived the three issues

presented in his brief because of his failure to file a Rule 1925(b) statement.  Accordingly, it did

not address the merits of any of petitioner's claims.  One judge dissented from the Superior

Court's ruling, explaining that he would excuse the absence of a Rule 1925(b) statement because

of the trial court's failure to issue an order directing Mr. Williams to file the statement.  The

dissenting judge also stated that he found the evidence legally insufficient to support the verdict

and that the trial court erred in failing to order a presentence investigation report and in imposing

a sentence above the recommended guideline range based on improper considerations.  The

Pennsylvania Supreme Court denied petitioner's request for allowance of appeal on November

30, 2001.

On February 15, 2002, petitioner filed a *pro se* PCRA petition.  Following the

appointment of counsel who filed an amended petition on petitioner's behalf, the Court of

Common Pleas denied relief on March 4, 2003.  Petitioner appealed this ruling to the Superior

Court, arguing: (1) ineffective assistance of prior counsel for failure to file a Rule 1925(b)

statement on appeal, thus waiving the substantive meritorious issues available to petitioner;

(2) insufficiency of the evidence to support petitioner's convictions for possession with intent to

deliver a controlled substance and criminal conspiracy; and (3) improper sentence because the

6

trial court failed to order or consider a presentence report and exceeded the sentencing guidelines without providing a rationale.

The Superior Court addressed petitioner's ineffective assistance of appellate counsel claim on the merits and denied petitioner relief.  The Superior Court held that to obtain relief on his ineffectiveness claim, petitioner would have to demonstrate that counsel's performance was deficient and that this deficiency led to the forfeiture of meritorious claims.  The Superior Court concluded that petitioner could not satisfy this second requirement because his waived sufficiency of the evidence and sentencing claims lacked merit.  The Superior Court affirmed the dismissal of petitioner's claims on September 2, 2004, and the Pennsylvania Supreme Court denied allocatur on December 22, 2004.

## IV.     THE 28 U.S.C. § 2254 PETITION

On September 1, 2005, petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus seeking relief pursuant to 28 U.S.C. § 2254.  In his Petition, petitioner raises four claims: (1) the evidence was insufficient to support his convictions for possession with intent to deliver a controlled substance and criminal conspiracy; (2) trial counsel was ineffective for failing to (a) subpoena and call the alleged buyers of the drugs; (b) interview and obtain a statement from petitioner's co-defendant; and (c) investigate and take photographs of the area in which petitioner was arrested; (3) appellate counsel was ineffective for failing to (a) preserve the issues presented on appeal by filing a Rule 1925(b) statement; (b) seek re-argument en banc in the Superior Court; and (c) properly challenge the waiver of petitioner's appellate claims before the Pennsylvania Supreme Court; and (4) the sentence imposed was excessive under the Eighth Amendment and due process violation under the Fourteenth Amendment.  The latter claim encompasses

challenges to the constitutionality of petitioner's sentence for criminal conspiracy – petitioner asserts that the sentence exceeds the statutory maximum – and to discretionary aspects of the sentence, namely the fact that the trial judge failed to order a presentence report and exceeded the sentencing guidelines without adequately explaining why he did so.

Magistrate Judge Smith issued his first Report and Recommendation on December 19, 2005 recommending that the Petition for Writ of Habeas Corpus be denied. The Magistrate Judge made this recommendation despite concluding that petitioner had a meritorious ineffective assistance of appellate counsel claim because of appellate counsel's failure to file a Rule 1925(b) statement, resulting in the waiver of all petitioner's appellate claims which constituted *per se* ineffective assistance of counsel. The Magistrate Judge recommended against the granting of relief because the Superior Court had already addressed and rejected petitioner's waived sufficiency of the evidence and sentencing claims in affirming the denial of petitioner's PCRA petition.

With respect to petitioner's remaining three claims, the Magistrate Judge concluded that petitioner had procedurally defaulted his sufficiency of the evidence, ineffective assistance of trial counsel, and sentencing claims. He also concluded that, while appellate counsel's ineffectiveness constituted cause to excuse petitioner's procedural default of his sufficiency of the evidence and sentencing claims, petitioner could not demonstrate prejudice because the claims lacked merit. Finally, the Magistrate Judge determined that appellate counsel's ineffectiveness was not cause for petitioner's procedural default of his ineffective assistance of trial counsel claim because petitioner had failed to preserve his ineffective assistance of trial counsel claim in his PCRA petition.

8

By Order dated April 3, 2007, this Court remanded the case to Magistrate Judge Smith for appointment of counsel and reconsideration of the Magistrate Judge's finding of procedural default.  On May 4, 2007, petitioner submitted a counseled Memorandum of Law in Support of Petition for Writ of Habeas Corpus.  In this counseled Memorandum, petitioner added a claim, not included in his habeas petition, that trial counsel was ineffective for failing to object to statements made by the prosecutor during closing.

In a second Report and Recommendation dated June 13, 2007, Magistrate Judge Smith recommended that the Court grant relief on petitioner's sentencing claim.  This recommendation was based on his determination that the trial court's failure to order appellate counsel to file a Rule 1925(b) statement violated the Superior Court's order of July 7, 2000 and constituted cause to excuse petitioner's procedural default of his sentencing claim on direct appeal.  Continuing, the Magistrate Judge concluded that petitioner demonstrated prejudice because his sentence for criminal conspiracy exceeded the statutory maximum.

Upon reassessing petitioner's remaining claims, Magistrate Judge Smith again concluded that petitioner's Sixth Amendment right to effective assistance of appellate counsel had been violated.  Nonetheless, he recommended that the Court deny relief on the claim for the same reason cited in his Report and Recommendation dated December 19, 2005 – the fact that the Superior Court had already addressed and rejected petitioner's waived sufficiency of the evidence and sentencing claims – and because of his recommendation that this Court grant relief on petitioner's sentencing claim.  Magistrate Judge Smith also recommended that the Court deny petitioner's sufficiency of the evidence and ineffective assistance of trial counsel claims on the ground that both claims were procedurally defaulted and petitioner failed to demonstrate prejudice sufficient to overcome the default.

9

On July 5, 2007, respondents filed Objections to Magistrate Judge Smith's Report and Recommendation dated June 13, 2007 raising three arguments as to why the Court should not grant relief on petitioner's sentencing claim.  First, respondents argue that petitioner never challenged the constitutionality of his sentence in state court, thus procedurally defaulting the claim.  Second, respondents assert that Magistrate Judge Smith improperly interposed his own interpretation of state law in disagreeing with the Superior Court panel that denied petitioner's PCRA petition.  Third, respondents contend that even if Magistrate Judge Smith had the authority to reach petitioner's claim, his conclusion as to the constitutionality of petitioner's sentence was incorrect on the merits.

The Court first turns to Magistrate Judge Smith's Report and Recommendation dated June 13, 2007 with respect to petitioner's ineffective assistance of appellate counsel claim.  In sum, the Court rejects the Magistrate Judge's recommendation that it deny relief on petitioner's ineffective assistance of appellate counsel claim.  The Court grants relief on this claim, and rules that petitioner's convictions for possession with intent to deliver a controlled substance and criminal conspiracy shall be vacated and set aside, unless, within sixty days, the Commonwealth of Pennsylvania reinstates petitioner's direct appeal and new appellate counsel is appointed to represent petitioner on that appeal.  The Court also rejects the Magistrate Judge's recommendation that it grant relief on petitioner's sentencing claim; relief on that claim is denied.

The Magistrate Judge concluded that petitioner's sufficiency of the evidence and ineffective assistance of trial counsel claims were procedurally defaulted and that petitioner had not demonstrated cause and prejudice to excuse the default.  No objections were filed to those

10

parts of the Report and Recommendation dated June 13, 2007.  The Court agrees that the latter

two claims were procedurally defaulted and that petitioner did not demonstrate cause and

prejudice.  Thus, those parts of the Report and Recommendation are approved and adopted

without discussion.

## V.  APPLICATION OF 28 U.S.C. § 2254

### A.  Standard of Review

Where a court refers a habeas petition to a magistrate judge, "the court shall make a *de*

*novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C.

§ 636(b)(1)(c).

Although "the statute does not require the judge to review an issue *de novo* if no

objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the

request of a party, under a *de novo* or any other standard."  Thomas v. Arn, 474 U.S. 140, 154

(1985); see also 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure,

§ 3070.1 (2d ed. 1997) ("[I]t should be clear that the district judge *can* review the

recommendation whether or not there are objections . . . .") (emphasis in original).  In a habeas

proceeding, the "authority – and the responsibility – to make an informed, final determination . . .

remains with the [district court] judge."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)

(citing Mathews v. Weber, 423 U.S. 261, 271 (1976)).  The Third Circuit has stated that "the

better practice is for the district judge to afford some level of review to dispositive legal issues

raised by the report," even in the absence of an objection.  Id. at 878; see also Ricci v. Apfel, 159

F. Supp. 2d 12, 16 n.4 (E.D. Pa. 2001).

The Court's review of the Report and Recommendation dated June 13, 2007 is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 2254(d), a petition for habeas corpus may be granted only if (1) the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court addressed this standard of review in Williams v. Taylor, 529 U.S. 362 (2000).  In Williams, the Court explained that "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Hameen v. State of Del., 212 F.3d 226, 235 (3d Cir. 2000) (citing Williams, 529 U.S. at 389-90).  The Court in Williams further stated that "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  529 U.S. at 407.  To constitute an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable.  See Id. at 409; Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

Finally, in reviewing the state court record, factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  See Werts, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

**B.      The Exhaustion Requirement of § 2254 and Procedural Default**

      **1.      Exhaustion**

A federal writ of habeas corpus may not be granted to a person incarcerated pursuant to a state court judgment unless he or she has first exhausted the remedies available in state court.  As amended by the AEDPA, the habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."  28 U.S.C. § 2254(b)(1); <u>see also</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").

To satisfy this exhaustion requirement, the petitioner must "afford each level of the state courts a fair opportunity to address the claim."  <u>Doctor v. Walters</u>, 96 F.3d 675, 678 (3d Cir. 1996); <u>see also</u> <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999).  More specifically, a habeas petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  <u>McCandless</u>, 172 F.3d at 261 (citing <u>Anderson v. Harless</u>, 459 U.S. 4 (1982)).  Making a "somewhat similar state-law claim" is insufficient.  <u>Id.</u>

The Third Circuit has identified exceptional situations where a state court is on notice of a federal claim despite a petitioner's failure to assert it explicitly.  A petitioner can convey "the required message" to a state court "through '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right

protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'" Id. (quoting Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227 (3d Cir. 1992)).

2.      **Procedural Default**

When a claim is not exhausted because it was not fairly presented to the state courts, but state procedural rules bar further state relief, the exhaustion requirement is satisfied because "there is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). However, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). Thus, where a state court remedy is no longer available because the statutory period for seeking relief has passed, the failure to timely file a claim in state court results in procedural default of the claim. O'Sullivan v. Boerckel,  526 U.S. 838, 848 (1999). The procedural default doctrine also prohibits "review [of] a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729.

Although procedurally defaulted claims are barred as a general rule, a federal court may reach such claims where "the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default." Lines, 208 F.3d at 160 (citing Coleman, 501 U.S. at 731) (internal quotation marks omitted).

14

To establish "cause" for procedural default, "the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Werts, 228 F.3d at 193 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). As explained by the Third Circuit, the Murray Court opined that if a petitioner could, for example, show that "a factual or legal basis for a claim was not reasonably available to counsel or show . . . interference by government officials sufficient to make compliance impracticable," this would constitute acceptable cause for federal habeas review of the defaulted claim.  Id. (citing Murray, 477 U.S. at 488).

Ineffective assistance of counsel has been deemed by the Supreme Court to constitute cause.  See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); see also Werts, 228 F.3d at 193 (citing Murray, 477 U.S. at 488).  However, "a claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  Edwards, 529 U.S. at 452 (quoting Murray, 477 U.S. at 489) (internal quotation marks omitted).

To show "prejudice," the petitioner must prove "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting the entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).  In essence, this standard requires a petitioner to prove that he was denied "fundamental fairness" at trial.  Werts, 228 F.3d at 193.

The miscarriage of justice exception "will apply only in extraordinary cases."  Id. at 193. "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . ."  Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir. 2001).

## VI.    DISCUSSION

### A.    Petitioner's Ineffective Assistance of Appellate Counsel Claim

#### 1.    State Court Decision

In its decision dated September 2, 2004 affirming the Court of Common Pleas' denial of petitioner's PCRA petition, the Superior Court addressed petitioner's claim that appellate counsel was ineffective for failing to file a Rule 1925(b) statement, thereby waiving all of petitioner's claims on direct appeal.[1]  The Superior Court explained that for an appellant to prevail on an ineffective assistance of counsel claim, he "must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness."  Serrano, No. 858 EDA 2003, slip. op. at 6 (Resp't's Objections Ex. B).  The Superior Court also stated that "if it is clear that a defendant has failed to meet the prejudice prong, the claim may be dismissed on that basis alone."  Id.

The Superior Court denied petitioner's claim after concluding that he could not demonstrate prejudice because the sufficiency of the evidence and sentencing claims he waived on direct appeal lacked merit.  Id. at 16.  In so holding, the Superior Court rejected petitioner's argument that counsel's failure to file a Rule 1925(b) statement constituted per se ineffectiveness.  Id. at 6.  The Superior Court relied on its earlier decision in Commonwealth v. Halley, 839 A.2d 392 (Pa. Super. 2003), in reaching its decision.  In Halley, the Superior Court

---

[1] In his Petition for Writ of Habeas Corpus, petitioner also claims that appellate counsel was ineffective for failing to seek re-argument en banc in the Superior Court and properly challenge the waiver of his appellate claims before the Pennsylvania Supreme Court.  Petitioner did not raise these ineffective assistance of counsel claims in state court.  Thus, they are not preserved for federal review.  See, e.g., Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (holding "the federal habeas claim must have been 'fairly presented' to the state courts . . . .").

held that counsel's failure to file a Rule 1925(b) statement did not constitute *per se* ineffectiveness. 839 A.2d at 394-95. That court distinguished the failure to file a notice of appeal from the failure to file a Rule 1925(b) statement, holding that the former error constitutes *per se* ineffective assistance of counsel, while the latter does not. Id. Significantly, after the Superior Court ruled in this case, the Pennsylvania Supreme Court unanimously reversed the Superior Court's decision in Commonwealth v. Halley in Halley v. Commonwealth, 870 A.2d 795 (Pa. 2005).

### 2.      Magistrate Judge's Recommendation

In his Report and Recommendation dated December 19, 2005, Magistrate Judge Smith concluded that petitioner's Sixth Amendment right to effective assistance of counsel was violated by appellate counsel's failure to file a Rule 1925(b) statement. He based that determination on the Pennsylvania Supreme Court's reversal of the Superior Court's holding in Commonwealth v. Halley, on which the Superior Court relied in denying relief to petitioner in this case. In Halley v. Commonwealth, the Supreme Court held that where the failure to file a Rule 1925(b) statement results in the waiver of all claims asserted by a defendant on direct appeal, prejudice may be legally presumed. 870 A.2d at 801. The court reasoned that "the failure to perfect a requested direct appeal is the functional equivalent of having no representation at all." Id.

Relying on the Supreme Court's "unequivocal ruling" in Halley, the Magistrate Judge concluded in his Report and Recommendation dated December 19, 2005, that "counsel's failure to file the Rule 1925(b) statement constituted a clear violation of the Sixth Amendment right to effective assistance of counsel." (1st Rep't & Rec. 7.) The Magistrate Judge nonetheless recommended that this Court deny relief, stating:

17

> The only relief we could afford to petitioner on this ground . . . is a new appeal
> during which he may raise the insufficiency of the evidence and excessive
> sentence claims.  These precise claims have already been addressed on their
> merits by the Superior Court on appeal from the denial of petitioner's PCRA
> petition.  As the Superior Court is not likely to reverse its decision in the face of
> identical claims, this Court declines to exalt form over substance . . . .

(Id. at 8 n.8.)

In his Report and Recommendation dated June 13, 2007, the Magistrate Judge reiterated

"that petitioner may still have a meritorious claim of ineffective assistance of appellate counsel

for failure to preserve his claims of insufficiency of the evidence and excessive sentence."  (2d

Rep't & Rec. 6 n.1.)  However, he again recommended that the Court deny the Petition, offering

the same explanation given in his Report and Recommendation dated December 19, 2005 – the

fact that the Superior Court had already addressed and rejected petitioner's waived sufficiency of

the evidence and sentencing claims – and citing his new conclusion that habeas relief is

warranted on petitioner's sentencing claim.  (Id.)

### 3.    Analysis

To merit relief under the AEDPA, the state court's adjudication of petitioner's claim must

have "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of United States."  28

U.S.C. § 2254(d)(1).  Because petitioner asserts a violation of his right to effective assistance of

counsel, Strickland v. Washington, 466 U.S. 668 (1984), provides the framework for this Court's

analysis.  Under Strickland, petitioner must demonstrate "that counsel's performance 'fell below

an objective standard of reasonableness,' and that 'there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.'"  United

States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007) (quoting Strickland, 466 U.S. at 688).[2]

Because the Superior Court correctly identified the legal principles set forth in Strickland

governing ineffective assistance of counsel claims,[3] the question for this Court is whether the

Superior Court "unreasonably applie[d those principles] to the facts of the particular state

prisoner's case." Williams, 529 U.S. at 407.

### a.    Appellate Counsel's Performance

To satisfy the first prong of Strickland, petitioner must demonstrate that "counsel's

performance was deficient." Strickland, 466 U.S. at 687.  In assessing whether petitioner meets

this burden, the Court must "ask[] whether counsel's conduct was objectively reasonable and

conformed to professional norms based 'on the facts of the particular case, viewed as of the time

of counsel's conduct.'" Lewis v. Johnson, 359 F.3d 646, 655 (3d Cir. 2004) (quoting Strickland,

466 U.S. at 690).

In denying petitioner's ineffective assistance of counsel claim, the Superior Court only

applied Strickland's prejudice prong.[4]  Because the state court rendered a decision without

_____

[2] Strickland v. Washington, 466 U.S. 668 (1984), was "clearly established" for purposes of the AEDPA at the time petitioner's conviction became final on February 28, 2002.  See Williams v. Taylor, 529 U.S. 362, 391 (2000) ("It is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'").

[3] While the Superior Court did not cite Strickland explicitly, it applied Pennsylvania's ineffective assistance of counsel test, which the Pennsylvania Supreme Court has found "constitute[s] the same rule of law" as Strickland.  Commonwealth v. Pierce, 515 A.2d 973, 976 (1987).  This Court agrees that the ineffective assistance of counsel test which the Superior Court applied is the same as the Strickland test.  Thus, the Court finds that "the state court identifie[d] the correct governing legal rule from [the Supreme] Court's cases." Williams, 529 U.S. at 407.

[4] It was permissible, under Strickland, for the state court to forego assessing the reasonableness of counsel's performance and to proceed directly to the issue of prejudice.  466

assessing the reasonableness of counsel's performance, this Court makes that determination in the first instance.

Counsel was appointed to represent petitioner on appeal after his initial appeal was dismissed for the failure to file a Rule 1925(b) statement. While representing petitioner, counsel failed to file a Rule 1925(b) statement notwithstanding the order of the Superior Court dated July 7, 2000 giving him sixty days to do so. This omission resulted in the forfeiture of all petitioner's appellate claims. "Prevailing professional norms," Lewis, 359 F.3d at 655, dictate that criminal defense attorneys file the basic documents necessary to perfect a direct appeal. There can be no reasoned basis for filing a merits brief on an appellant's behalf without also filing the supplemental documents necessary to ensure the appellate court's consideration of the appeal, but that is what appellate counsel did in this case. An attorney whose error forfeits a client's only appeal as-of-right has not provided "objectively reasonable " assistance as required by Strickland.

The Magistrate Judge concluded in his Report and Recommendation dated June 13, 2007 that appellate counsel's omission resulted in part from the trial court's failure to order new appellate counsel to file a Rule 1925(b) statement. This finding was based on the opinion of the Superior Court judge who dissented from that court's decision of June 13, 2001, holding that petitioner waived his claims on direct appeal. However, the finding was contrary to the majority opinion of the Superior Court issued on June 13, 2001 and the September 2, 2004 opinion of that court which did not find trial court error, and it is not supported by the record. The Superior

---

U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one . . . [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

Court's order of July 7, 2000 directed the trial court "to appoint substitute counsel for appellant

in the above matter within ten (10) days of this order." Commonwealth v. Serrano, No. 126 EDA

2000 (Pa. Super. July 7, 2000). The trial court, in accordance with this order, appointed new

counsel by letter dated July 12, 2000. While the Superior Court stated in the next paragraph of

its order that "new counsel shall be afforded an opportunity to file" a Rule 1925(b) statement, it

did not direct the trial court to do anything related to that filing. Id. Thus, the Magistrate Judge

had no basis for finding that the trial court disregarded a directive of the Superior Court. For that

reason, this Court rejects the Magistrate Judge's finding that the trial court failed to follow the

Superior Court's instructions, and concludes that appellate counsel was responsible for the

failure to file a Rule 1925(b) statement. On these facts, the Court determines that appellate

counsel's performance was deficient.

### b.   Prejudice

To satisfy the second prong of Strickland, a petitioner must demonstrate that "'there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.'" Shedrick, 493 F.3d at 299 (quoting Strickland, 466 U.S. at 694).

Where an attorney fails to perfect a direct appeal, despite a request from the defendant to do so,[5]

---

[5] To establish prejudice based on counsel's failure to perfect a direct appeal, a petitioner must demonstrate "that, but for counsel's deficient conduct, he would have appealed." Roe v. Flores-Ortega, 528 U.S. 470, 486 (2000). In this case, petitioner filed a timely notice of appeal, and attempted, with two different attorneys, to obtain adjudication of his claims on the merits in Superior Court. Counsel's filing of a brief on petitioner's behalf is evidence of petitioner's desire to appeal, as is petitioner's conduct since the forfeiture of his direct appeal. Petitioner, without the benefit of counsel, filed a timely PCRA petition in state court and habeas corpus petition in federal court. See Edwards v. United States, 246 F. Supp. 2d 911, 915-16 (E.D. Tenn. 2003) (finding petitioner's prompt filing of post-conviction appeal evidence that he desired to pursue direct appeal). The Court finds that but-for counsel's failure to file a Rule 1925(b) statement, petitioner would have appealed.

such prejudice is presumed to exist.  See Roe v. Flores-Ortega, 528 U.S. 470, 485 (2000) (citing

Rodriquez v. United States, 395 U.S. 327, 330 (1969)); Harrington v. Gillis, 456 F.3d 118, 132

(3d Cir. 2006); Johnson v. Champion, 288 F.3d 1215, 1229-30 (10th Cir. 2002); McHale v.

United States, 175 F.3d 115, 117-18 (2d Cir. 1999); Smith v. Farley, 59 F.3d 659, 665-66 (7th

Cir. 1995); Bonneau v. United States, 961 F.2d 17, 23 (1st Cir. 1992) (citing Williams v.

Lockhart, 849 F.2d 1134, 1137 n.3 (8th Cir. 1988)).  This is so because "[a]ctual or constructive

denial of the assistance of counsel altogether is legally presumed to result in prejudice."

Strickland, 466 U.S. at 692.

   While cases where prejudice is presumed often involve petitioners whose attorneys failed

to file a notice of appeal, several federal courts have addressed situations, like the one at bar,

where an attorney's omission after a notice of appeal was filed led to the forfeiture of a

petitioner's appellate rights.[6]  In Abels v. Kaiser, counsel filed a notice of appeal, then failed to

take additional steps to ensure prosecution of the appeal.  913 F.2d 821 (10th Cir. 1990).  The

Tenth Circuit found that the petitioner "had every right to expect that his counsel would follow

his instructions in perfecting the appeal."  Id. at 823.  Because counsel failed to perfect the

appeal, that court held the petitioner was entitled to relief without demonstrating prejudice.  Id.

   In United States v. Hernandez, the Second Circuit presumed prejudice where appellate

counsel failed to perfect the petitioner's direct appeal by filing a late notice and then taking no

additional action.  202 F.3d 486 (2d Cir. 2000).  The Hernandez court stated that it "saw no

---

   [6] In determining whether the state court's application of Supreme Court precedent was
objectively unreasonable, habeas courts may consider the decisions of inferior federal courts.
See McIntyre v. Klem, 347 F. Supp. 2d 206, 210-11 (E.D. Pa. 2004) (citing Fischetti v. Johnson,
384 F.3d 140, 149 (3d Cir. 2004)).

basis" for a "distinction between a criminal defendant whose counsel files an untimely notice of

appeal, does not file a notice of appeal, or files a timely notice and then neglects to perfect the

appeal."  Id. at 489; see also Edwards v. United States, 246 F. Supp. 2d 911, 914-15 (E.D. Tenn.

2003) (granting habeas corpus relief where counsel filed a notice of appeal but then failed to act

further, resulting in dismissal of petitioner's appeal); Turner v. United States, 961 F. Supp. 189,

191-92 (E.D. Mich. 1997) (granting habeas corpus relief where petitioner filed a valid *pro se*

notice of appeal that was later dismissed because of counsel's failure to prosecute); cf. Evitts v.

Lucey, 469 U.S. 387, 389 (1985) (noting, in a case in which counsel filed a notice of appeal but

no "statement of appeal" required by the state appellate courts, that "counsel's failure . . .

essentially waived respondent's opportunity to make a case on the merits; in this sense, it is

difficult to distinguish respondent's situation from that of someone who had no counsel at all.");

Harrington, 456 F.3d at 132 (explaining that because of procedural rules in Pennsylvania,

counsel's obligation to assist a defendant on appeal extends beyond "the ministerial task of filing

a notice of appeal").

  In Halley, the Pennsylvania Supreme Court applied this body of federal law to the

specific state procedural rule at issue in this case.  The Halley court noted that "the Rule 1925(b)

statement (when directed) is elemental to an effective perfection of the appeal," and that

therefore, counsel's failure to file a 1925(b) statement "left Appellant without an ability to

challenge his conviction and sentence by means of the direct appeal."  870 A.2d at 800 (internal

citations omitted).  Continuing, the court held that "the failure to file a Rule 1925(b) statement on

behalf of a criminal defendant seeking to appeal his conviction and/or sentence, resulting in a

waiver of all claims asserted on direct appeal, represents the sort of actual or constructive denial

of assistance of counsel falling within the narrow category of circumstances in which prejudice is legally presumed." Id. at 801; see also Commonwealth v. Myers, 897 A.2d 493, 495 (Pa. Super. 2006) ("Halley stands for the proposition that, in the extreme circumstance where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests by failing to file a Pa.R.A.P. 1925(b) statement, the risk should fall on counsel and not the client.").

In this case, perfecting petitioner's direct appeal required doing more than filing a notice of appeal.  Because counsel failed to file the required Rule 1925(b) statement, all of petitioner's appellate claims were waived.  Having been granted new counsel as a result of the Superior Court order dated July 7, 2000, for the purpose of protecting his appellate rights, petitioner was constructively denied the benefit of counsel when his second appellate attorney failed to perfect his direct appeal.  Under these circumstances, the Court concludes that prejudice should have been presumed because of counsel's forfeiture of petitioner's appellate claims.  The Superior Court's decision to the contrary was "an unreasonable application of clearly established federal law." Williams, 529 U.S. at 409.

### c.      Remedy for Violation of the Right to Effective Assistance of Counsel on Appeal

Despite finding that petitioner's Sixth Amendment right to effective assistance of counsel was violated, Magistrate Judge Smith recommended that this Court deny relief.  The Court rejects that recommendation.

The remedy for a violation of the right to effective assistance of appellate counsel is the reinstatement of the petitioner's appeal and the appointment of counsel.  Barry v. Brower, 864

24

F.2d 294, 300-01 (3d Cir. 1988).  Magistrate Judge Smith erroneously assumed that petitioner could only relitigate the claims raised in his PCRA petition if his appellate rights were reinstated. In making this assumption, the Magistrate Judge failed to account for the fact that petitioner has never had a direct appeal considered on the merits and, as a result, he will not be limited to the claims raised in his earlier submissions when his direct appeal is reinstated.  See Commonwealth v. West, 883 A.2d 654, 657-58 n.4 (Pa. Super. 2005) (noting that where a direct appeal is reinstated because of counsel's failure to file a Rule 1925(b) statement, an appellant is not limited to the waived claims asserted in his brief, but rather, "counsel and client may explore all available issues on appeal" before filing a Rule 1925(b) statement).  The Magistrate Judge's error was particularly significant in this case because petitioner has raised two claims in his federal habeas corpus petition that the state courts never considered: ineffective assistance of trial counsel and imposition of an unconstitutional sentence.  Because the Superior Court can consider these claims, *inter alia*, when petitioner's direct appeal is reinstated, the Magistrate Judge erred in concluding that this Court would "exalt form over substance" if it reinstated petitioner's direct appeal.

Even if petitioner had no new claims to assert in state court, that fact alone would not eliminate his constitutional right to a direct appeal.  See Evitts, 469 U.S. at 389 ("A State may not extinguish [the right to a direct appeal] because another right of the appellant – the right to effective assistance of counsel – has been violated.").  In Halley, the Pennsylvania Supreme Court reached the same conclusion this Court reaches in this opinion and held that counsel's failure to file a Rule 1925(b) statement constituted *per se* ineffective assistance of counsel.  870 A.2d at 801.  In Halley, as in this case, the Superior Court had addressed several of the claims

petitioner waived on direct appeal in reviewing his PCRA petition.  Although the Superior Court

had denied the petitioner relief on those claims, the Supreme Court nonetheless reinstated his

appeal.  The Supreme Court stated in <u>Halley</u>:

> We are cognizant that both the PCRA court and the Superior Court have
> conducted merits review of Appellant's underlying claims and found no basis for
> relief.  Although our decision here will thus result in duplicative review in
> Appellant's particular circumstance, the necessary review does not appear to be
> burdensome, and this case was not selected to determine whether an alternative
> procedure might serve as an adequate substitute to vindicate a criminal
> defendant's constitutionally guaranteed right to a direct appeal.

870 A.2d at 801 n.5.

For the foregoing reasons, petitioner's convictions for possession with intent to deliver a

controlled substance and criminal conspiracy shall be vacated and set aside, unless, within sixty

days, the Commonwealth of Pennsylvania reinstates petitioner's direct appeal and new appellate

counsel is appointed to represent petitioner on that appeal.

**B.     Constitutionality of Petitioner's Sentence / Respondents' Objections to the
        Report and Recommendation of the United States Magistrate Judge**

**1.     Magistrate Judge's Recommendation**

Respondents object to Magistrate Judge Smith's recommendation that this Court grant

relief on petitioner's claim that the sentence imposed by the trial court exceeded the statutory

maximum for a criminal conspiracy offense and was thus unconstitutional.  The conspiracy

statute under which petitioner was convicted states that for grading purposes, a conspiracy

offense is a crime "of the same grade and degree as the most serious offense which is . . . an

object of the conspiracy."  18 Pa.C.S.A. § 905.  The maximum sentence for possession with

intent to deliver a controlled substance, which was the object of petitioner's conspiracy, is

ordinarily ten years.  35 Pa.C.S.A. § 780-113(f)(1.1).  In this case, however, because of

petitioner's prior convictions, the enhancement provision in 35 Pa.C.S.A. § 780-115(a) permitted

a sentence twice that normally authorized for the substantive drug offense.  The sentencing judge

applied this enhancement to both the drug conviction and conspiracy conviction in imposing

petitioner's sentence.

In Commonwealth v. Young, 922 A.2d 913 (Pa. Super. 2007), the Superior Court held in

a precedential opinion that the enhancement provision in 35 Pa.C.S.A. § 780-115(a) does not

apply to a conspiracy conviction even where it applies to the underlying drug offense.  Magistrate

Judge Smith relied on Young in holding that petitioner's sentence exceeded the statutory

maximum.

Before reaching this issue, Magistrate Judge Smith addressed the Superior Court's

conclusion on direct appeal that petitioner procedurally defaulted his sentencing claim by failing

to file a Rule 1925(b) statement.  Despite this procedural default, the Magistrate Judge

determined that he could consider petitioner's claim because petitioner demonstrated cause and

prejudice.  Specifically, Magistrate Judge Smith determined that the trial court's failure to order

appellate counsel to file a Rule 1925(b) statement violated the Superior Court's order of July 7,

2000 and constituted cause,[7] while the unconstitutionality of petitioner's sentence satisfied the

---

[7] In his Report and Recommendation dated December 19, 2005, Magistrate Judge Smith found that appellate counsel's ineffectiveness constituted cause to excuse the waiver of petitioner's claims on direct appeal.  In his Report and Recommendation dated June 13, 2007, Magistrate Judge Smith concluded that the "default actually resulted not from counsel's failure to file the Rule 1925(b) statement, but rather from the trial court's failure to comply with the remand order by the Superior Court and order new counsel to file that statement." (2d Rep't & Rec. 5.)  For the reasons set forth in section VI.A.3.a. of this Memorandum, the Court concludes that Magistrate Judge Smith erred in so stating because the Superior Court did not direct the trial court to order new appellate counsel to file a Rule 1925(b) statement.  Moreover, he should have

prejudice requirement.

### 2.    Respondents' Objections

Respondents object to the Magistrate Judge's recommendation on three grounds.  First, respondents argue that petitioner never challenged the constitutionality of his sentence in state court, thus procedurally defaulting the claim.  Second, respondents assert that Magistrate Judge Smith improperly interposed his own interpretation of state law in finding petitioner's sentence unconstitutional, because the Superior Court panel that denied petitioner's PCRA petition held that his sentence fell within the statutory limits.  Third, respondents object on the ground that, even if Magistrate Judge Smith had authority to reach petitioner's claim, his conclusion about the constitutionality of petitioner's sentence was incorrect on the merits.

### 3.    Application of the Exhaustion Requirement of § 2254 and Procedural Default

Respondents object that the Magistrate Judge's analysis rests on the incorrect assumption that petitioner challenged the constitutionality of his sentence on direct appeal.  Respondents assert that petitioner only challenged the discretionary aspects of his sentence in state court, precluding a challenge to the constitutionality of the sentence in federal court.  The Court agrees with respondents on this issue.

Reviewing petitioner's state court filings, the Court finds that Petitioner failed to raise in state court the claim that his sentence exceeded the statutory maximum.  Petitioner explicitly

_____

deferred to the Superior Court decisions in this case which did not find trial court error. However, this error by the Magistrate Judge does not impact the Court's analysis of petitioner's sentencing claim.  This is so because the dispositive procedural default was not petitioner's waiver of his claims on direct appeal, but rather his failure to challenge the constitutionality of his sentence in either of his state court appeals.

28

stated twice in his brief on direct appeal that he was not challenging the legality of his sentence. Brief of Def.-Appellant at 11, 17, Commonwealth v. Serrano, No. 126 EDA 2000 (Pa. Super. Oct. 2, 2000) (Resp't's Objections Ex. C).  Similarly, petitioner's PCRA petition only challenges the discretionary aspects of his sentencing – the trial judge's failure to order a presentence report and his imposition of a sentence in excess of the guidelines without adequate explanation.  Am. PCRA Pet., Commowealth v. Serrano, No. 858 EDA 2003 (Pa. Super. Aug. 28, 2002) (Resp't's Objections Ex. D).  On these facts, the Court concludes that petitioner failed to give the state courts notice that he was raising a federal claim.

Despite petitioner's failure to challenge the constitutionality of his sentence in his state court filings, the Superior Court briefly discussed that issue – whether petitioner's sentence fell within the statutory limits – in its PCRA opinion addressing petitioner's discretionary sentencing claim.  Serrano, No. 858 EDA 2003, slip. op. at 13-14 (Resp't's Objections Ex. B).  This discussion, in turn, is included in the Superior Court's analysis of petitioner's ineffective assistance of appellate counsel claim.

In some cases, the habeas corpus exhaustion requirement is satisfied by a state court's *sua sponte* consideration of a federal constitutional issue.  See, e.g., Walton v. Caspari, 916 F.2d 1352, 1356-57 (8th Cir. 1990) (state court's *sua sponte* consideration of an issue satisfies exhaustion); Sandstrom v. Butterworth, 738 F.2d 1200, 1206 (11th Cir. 1984) (same).  In such a case, a habeas court may look to "what the state courts actually considered," in addition to the petitioner's pleadings, in deciding whether a claim is exhausted.  Sandstrom, 738 F.2d at 1206. In this case, however, the Superior Court's discussion of the legality of petitioner's sentence does not satisfy the exhaustion requirement, because the Superior Court only addressed the legality of petitioner's sentence as a state law question.  The Superior Court cited no federal case law in its

discussion, nor any Pennsylvania state court decisions applying federal constitutional principles.

Furthermore, the Superior Court addressed whether petitioner's presentation of his claims

satisfied Pennsylvania's procedural rules governing challenges to the discretionary aspects of a

sentence.  Serrano, No. 858 EDA 2003, slip. op. at 11 n.3 (Resp't's Objections Ex. B).  The

Superior Court would not have needed to address these rules if it believed that petitioner was

asserting a constitutional challenge to the legality of his sentence.[8]  See generally Commonwealth

v. Archer, 722 A.2d 203, 208-10 (Pa. Super. 1998) (en banc) (explaining the differing rules for

appellate review of challenges to the discretionary aspects of a sentence and the legality of a

sentence under Pennsylvania law).  Thus, this Court cannot conclude that the Superior Court

"was aware of a federal constitutional basis for petitioner's claim and that the court actually

considered federal constitutional law in deciding that claim."  Sandstrom, 738 F.2d at 1206.

The Court concludes that petitioner failed to "present a federal claim's factual and legal

substance to the state courts in a manner that put[] them on notice that a federal claim [wa]s

being asserted."  McCandless, 172 F.3d at 261.  Because petitioner never presented the state

courts with a challenge to the constitutionality of his sentence, petitioner failed to exhaust state

remedies for review of that sentencing claim.  See 28 U.S.C. § 2254(b)(1)(A); Picard, 404 U.S. at

275.

---

[8] An illegal sentencing claim, unlike a challenge to the discretionary aspects of a sentence, can never be waived under Pennsylvania law so long as it raised in a timely appeal or PCRA petition.  See Commomwealth v. Robinson, 931 A.2d 15, 19-20 (Pa. Super. 2007) ("A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction.").  The fact that the claim cannot be waived in state court, however, does not provide a federal court with jurisdiction to consider the claim in the first instance.  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  O'Sullivan v. Boerckel,  526 U.S. 838, 844 (1999).

Although petitioner never asserted in state court that his sentence exceeded the statutory maximum, the claim is nonetheless exhausted because at the time petitioner filed the instant Petition for Writ of Habeas Corpus, there was "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); Lines, 208 F.3d at 160.  This is so because the PCRA requires, with few exceptions,[9] that a petition for relief be filed within one year of the date a judgment becomes final.  42 Pa.C.S.A. § 9545(b); Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999) (holding that while an illegal sentencing claim "is always subject to review within the PCRA, [it] must still first satisfy the PCRA's time limits or one of the exceptions thereto").  Petitioner's failure to present his claim to the state courts in a timely fashion results in procedural default of the claim.  O'Sullivan, 526 U.S. at 848.  Because petitioner has not demonstrated "cause" and "prejudice" or a "miscarriage of justice" sufficient to excuse this procedural default, the claim is not subject to habeas review on the present state of the record.

Because the Court concludes that petitioner procedurally defaulted his challenge to the constitutionality of his sentence, it does not reach respondents' other arguments.  However, nothing in this Court's decision should be construed to prejudice petitioner's right to argue in state court that his sentence was unconstitutional upon reinstatement of his direct appeal.

_____

[9] The one-year statute of limitations does not apply where "the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim . . .
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

42 Pa.C.S.A. § 9545(b)(1).

4.      **Petitioner's Challenge to the Discretionary Aspects of His Sentence –
Failure of the Trial Judge to Order a Presentence Report and
Imposition of a Sentence in Excess of the Guidelines Without an
Adequate Explanation**

In addition to asserting that his sentence exceeds the prescribed statutory maximum,

petitioner also challenges discretionary aspects of his sentence.  No objections were raised to the

Magistrate Judge's conclusion that a federal habeas court is not authorized to review the

discretionary aspects of a state court sentence.  (2d Rep't & Rec. 12) (citing Capers v. Rogers,

Civ. A. No 05-1567, 2006 WL 2806361 (D.N.J. Sept. 28, 2006) (citing Jones v. Superintendant

of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984)); Dennis v. Poppel, 222 F.3d 1245,

1258 (10th Cir. 2000); Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984); Hutchins v.

Hudley, Civ. A. No. 91-818, 1991 WL 167036, at *10 (D.N.J. Aug. 22, 1991)).  This Court

agrees with the Magistrate Judge's conclusion that petitioner is not entitled to relief on his

challenge to the discretionary aspects of his sentence and it approves and adopts that part of the

Report and Recommendation dated June 13, 2007.

## VIII.   CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part petitioner's Petition

for Writ of Habeas Corpus and approves and adopts in part and rejects in part Magistrate Judge

Smith's Report and Recommendation dated June 13, 2007.  That part of the Report and

Recommendation dated June 13, 2007 recommending denial of petitioner's ineffective assistance

of appellate counsel claim is rejected and petitioner's convictions for possession with intent to

deliver a controlled substance and criminal conspiracy shall be vacated and set aside, unless,

within sixty days, the Commonwealth of Pennsylvania reinstates petitioner's direct appeal and

new appellate counsel is appointed to represent petitioner on that appeal.  The Court sustains Respondents' Objections to the Report and Recommendation of the United States Magistrate Judge dated June 13, 2007 with respect to the recommendation that the Court grant relief on petitioner's challenge to the constitutionality of his sentence for criminal conspiracy.  The Court approves and adopts that part of the Report and Recommendation dated June 13, 2007 recommending denial of relief on petitioner's challenge to the discretionary aspects of his sentence.  Accordingly, petitioner's sentencing claim is denied.  The Court approves and adopts those parts of the Report and Recommendation dated June 13, 2007 in which the Magistrate Judge concluded that petitioner's sufficiency of the evidence and ineffective assistance of trial counsel claims were procedurally defaulted and that petitioner did not demonstrate cause and prejudice to excuse the default; relief on those claims is denied.

The Petition for Writ of Habeas Corpus is denied in all other respects.  Furthermore, because reasonable jurists would not debate this Court's procedural rulings with respect to the claims on which it denies relief, a certificate of appealability will not issue for those claims.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **ANGEL LUIS RIVERA** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **DAVID J. GOODE, THE DISTRICT** | : | **NO. 05-4767** |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA; and, THE ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **PENNSYLVANIA** | : | |

---

## O R D E R

AND NOW, this 25th day of March 2008, upon consideration of petitioner's Petition for

Writ of Habeas Corpus (Document No. 1, filed September 1, 2005); petitioner's Memorandum of

Law in Support of Petition for Writ of Habeas Corpus (Document No. 16, filed May 4, 2007); the

Report and Recommendation of United States Magistrate Judge Charles B. Smith dated June 13,

2007 (Document No. 21); and Respondents' Objections to the Report and Recommendation of

the United States Magistrate Judge (Document No. 21, dated July 5, 2007), for the reasons set

forth in the attached Memorandum **IT IS ORDERED** as follows:

1.       The Report and Recommendation of United States Magistrate Judge Charles B.

Smith dated June 13, 2007, as modified by the attached Memorandum, is **APPROVED** and

**ADOPTED IN PART** and **REJECTED IN PART** as follows:

   a.       That part of the Report and Recommendation dated June 13, 2007 relating

   to petitioner's ineffective assistance of appellate counsel claim is

   **REJECTED**.  Petitioner's Petition for Writ of Habeas Corpus is

34

**CONDITIONALLY GRANTED IN PART**.  Petitioner's convictions for possession with intent to deliver a controlled substance and criminal conspiracy shall be **VACATED** and set aside, **UNLESS**, within sixty (60) days from the date of this Order, the Commonwealth of Pennsylvania reinstates petitioner's direct appeal and new appellate counsel is appointed to represent petitioner on that appeal;

    b.    That part of the Report and Recommendation dated June 13, 2007 relating to petitioner's challenge to the constitutionality of his sentence for criminal conspiracy is **REJECTED**; that part of the Report and Recommendation dated June 13, 2007 relating to petitioner's challenge to the discretionary aspects of his sentence is **APPROVED** and **ADOPTED**; petitioner's sentencing claim is **DISMISSED**;

    c.    Those parts of the Report and Recommendation dated June 13, 2007 relating to petitioner's ineffective assistance of trial counsel and sufficiency of the evidence claims are **APPROVED** and **ADOPTED** and petitioner's ineffective assistance of trial counsel and sufficiency of the evidence claims are **DISMISSED**;

3.    Respondents' Objections to the Report and Recommendation of the United States Magistrate Judge dated June 13, 2007 with respect to petitioner's sentencing claim are **SUSTAINED**;

4.    The Petition for Writ of Habeas Corpus is **DENIED** in all other respects;

35

5.      A certificate of appealability will not issue for the claims on which the Court

denies relief because reasonable jurists would not debate this Court's procedural rulings with

respect to those claims.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484

(2000).

**BY THE COURT:**


**/s/     JAN E. DUBOIS, J.**
         **JAN E. DUBOIS, J.**